# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVERBANK, | ) |
|               **Plaintiff,** | ) |
| v. | ) Case No. 14-CV-22-JED-PJC |
| WILLIAM LEE BLAIR, *et al.*, | ) |
|               **Defendant and** | ) |
|               **Third-Party Plaintiff** | ) |
| v. | ) |
| BOARD OF GOVERNORS, | ) |
| UNITED STATES FEDERAL BANK | ) |
| RESERVE, *et al.* | ) |
|               **Third-PartyDefendants.** | ) |

## OPINION AND ORDER

The Court has for its consideration the United States of America's Motion to Dismiss (Doc. 4). The government seeks dismissal of this action removed from Tulsa County District Court based upon defects present in the third-party petition of William Lee Blair ("Blair").

### BACKGROUND

This case originated as a mortgage foreclosure action brought by Everbank against Blair on July 30, 2013. Rather than filing an answer to Everbank's lawsuit, Blair filed an "Answer/Cross Complaint and Motion for Removal" (the "third-party petition") on November 27, 2013, asserting federal defenses and a slew of claims against Everbank and several other defendants. His filing was construed as a notice of removal which ended up before this Court. The Honorable Claire V. Eagan, *sua sponte*, remanded the case back to Tulsa County on the basis that there was no diversity of citizenship and no federal question jurisdiction under the

well-pleaded complaint rule. Judge Eagan reasoned that Blair's defenses, counterclaims, crossclaims, and/or third-party claims, though based on federal law, did not confer jurisdiction where the plaintiff (Everbank) had alleged only state law claims. *See Everbank Financial Corp. v. Blair, et al.*, 13-CV-770-CVE-TLW, 2013 WL 6331676 (N.D. Okla. Dec. 5, 2013).

Following remand, Blair delivered copies of his third-party petition to third-party defendants, the Board of Governors of the Federal Reserve System (the "Board"). The summonses were individually addressed to third-party defendants Ben S. Bernanke, Janet L. Yellen, Daniel K. Tarullo, Jeremy C. Stein, Jerome H. Powell, and Elizabeth A. Duke, current and former members of the Board of Governors and employees of the Federal Reserve System (collectively, the "federal defendants"). The United States of America then removed the action on behalf of the federal defendants to this Court pursuant to 28 U.S.C. § 1441 and 1442(a)(1).

Blair's 42-page third-party petition is hard to follow, but appears to allege that the federal defendants are part of an unlawful conspiracy by virtue of the Board's implementation of regulations in connection with the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*. As part of a tenuous chain of events, Blair alleges that the EFTA and its implementing regulations ultimately resulted in the loss of his job as a maintenance mechanic for the Tulsa Housing Authority because he refused to be paid via direct deposit. The federal defendants now seek dismissal of Blair's third-party claims against them.[1]

## DISCUSSION

The government's notice of removal states the bases for removal as 28 U.S.C. §§ 1441(a) (federal question jurisdiction), 1441(b) (diversity), and § 1442(a) (action against the United

---

[1] A number of other defendants seek dismissal of Blair's numerous claims. However, for reasons explained herein, the Court declines to exercise jurisdiction over those claims and therefore does not address their merits.

States). It is, however, apparent that there is no diversity of citizenship between Blair, the third-party plaintiff, and a number of the third-party defendants, such as Oklahoma Attorney General Scott Pruitt, who are domiciled in Oklahoma. Removal was likewise improper under § 1441(a) as a result of the well-pleaded complaint rule. *See, e.g., Newfield Exploration, Mid-Continent, Inc. v. Mashburn*, CIV-13-1050-D, 2014 WL 494569, *2 (W.D. Okla. Feb. 6, 2014) ("third-party defendants, counterclaim defendants, and additional counter-defendants are not 'defendants' within the meaning of § 1441(a) who can remove all or part of a case"). As such, § 1442(a) appears to be the only viable avenue for removal. Section 1442(a) provides in pertinent part:

> (a) A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

"Section 1442 represents an exception to the well-pleaded complaint rule in the removal context." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3726 (4th ed.). The Board is considered an "independent regulatory agency outside of the control of the executive branch of the Federal Government." *See, e.g.,* Lee Const. Co., Inc. v. Fed. Reserve Bank of Richmond, 558 F. Supp. 165, 184 (D. Md. 1982) (citing 12 U.S.C. § 250). Blair's third-party petition therefore raises claims against officers of an agency of the United States which relate to actions performed in the course of the Board's duties, within the meaning of § 1442, and those claims are properly before the Court.

The Court notes that documents filed by pro se plaintiffs are "to be liberally construed ... and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citations omitted) (internal quotations omitted). The Tenth Circuit has noted as follows with respect to this general rule:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Blair appears to be attempting to assert a Bivens claim against several current and former members of the Board based upon what he describes as unlawful regulations promulgated by the Board pursuant to the EFTA. Mr. Blair's reference is to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), which created an individual right of action for damages for a Fourth Amendment violation. Since *Bivens*, the Supreme Court has recognized such a remedy in only two types of cases: Eighth Amendment violations of the Cruel and Unusual Punishment Clause, *see Carlson v. Green*, 446 U.S. 14 (1980), and Fifth Amendment violations of the equal protection component of the Due Process Clause, *see Davis v. Passman*, 442 U.S. 228 (1979). The Supreme Court has not, however, extended *Bivens* liability to any new context or new category of defendants. *See, e.g., Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001); *Wilkie v. Robbins*, 551 U.S. 537, 562 (2007).

Blair's third-party petition fails to adequately allege a *Bivens* action against the federal defendants. The conduct complained of does not amount to a Fourth Amendment violation or any other cognizable claim to which *Bivens* has been extended. Blair's third-party claims against

the federal defendants are therefore subject to dismissal to the extent they are founded upon *Bivens*.

To the extent Blair alleges a claim against the Board or the federal defendants in their official capacity, such a suit is barred by the doctrine of sovereign immunity. The United States, its agencies, and its officers acting in their official capacity are generally shielded from suit by the doctrine of sovereign immunity. *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev*., 554 F.3d 1290, 1295-96 (10th Cir. 2009) (citing *Wyoming v. United States,* 279 F.3d 1214, 1225 (10th Cir. 2002)). "The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." *Id*. (citing *Robbins v. U.S. Bureau of Land Mgmt.,* 438 F.3d 1074, 1080 (10th Cir. 2006)). General jurisdictional statutes, such as 28 U.S.C. § 1331, do not waive the government's sovereign immunity, and thus "a party seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction." *Id.* (citing *Lonsdale v. United States,* 919 F.2d 1440, 1443-44 (10th Cir. 1990)). Such a waiver must be unequivocally expressed. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). And the government's consent to be sued is strictly construed in its favor. *Id*. at 34.

Blair has made no attempt to establish that any particular waiver of sovereign immunity is applicable in this case. Nor can the Court determine that such waiver would be applicable here. As such, Blair's third-party claims against the federal defendants are likewise subject to dismissal to the extent they are brought against the United States, an agency thereof, or its officers in their official capacity. The Court cannot glean any other viable cause of action alleged against the federal defendants from the four corners of Blair's third-party petition. His claims against the federal defendants are therefore dismissed.

Having dismissed the federal defendants, the only claims remaining before the Court are those alleged against parties which would not have been able to remove those claims to this Court in the first instance. In such circumstances, courts generally recognize that the proper course of action is to remand the remaining claims to state court. *See, e.g., D.C. v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 133 (D.C. Cir. 1985) (collecting cases); *Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 438 (5th Cir. 1984); *see also J.S.R. ex rel. Rojas Polanco v. Washington Hosp. Ctr. Corp.*, 667 F. Supp. 2d 83, 85 (D.D.C. 2009) (finding as mandatory the remand of remaining claims against non-federal defendants removed pursuant to § 1442 based upon lack of subject matter jurisdiction once federal defendant was dismissed).

To the extent such remand is discretionary, rather than mandatory, the Court declines to exercise jurisdiction over Blair's remaining third-party claims and counterclaims.

**IT IS THEREFORE ORDERED** that the United States of America's Motion to Dismiss (Doc. 4) is **granted**. All claims alleged by Blair against defendants Board of Governors of the Federal Reserve System, Ben S. Bernanke, Janet L. Yellen, Daniel K. Tarullo, Jeremy C. Stein, Jerome H. Powell, and Elizabeth A. Duke are dismissed.

**IT IS FURTHER ORDERED** that the remainder of this action is remanded to the Tulsa County District Court.

**SO ORDERED** this 17th day of July, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE